IN **THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS - HOUSTON DIVISION**
**COURT FILE NO.: UNASSIGNED**

Dorniecesher Johnson
7511 Ley Rd
Houston Texas 77028

      Plaintiff,

    -vs-

Certified Recovery System ,Experian
Information Solutions, Inc.;
Trans Union LLC;
Equifax Information Services, LLC;
CSC Credit Services Inc.  Hunter
Warfield, RJM Acquisitions LLC,
Cavalry Portfolio Services,
Trumble AU, No Wait Cash, Texas
Guaranteed Student Loan,,Midland
Credit Management, 1st National
Bank Texas, Uncle Budd, Cort
Furniture Rental, Sallie Mae,
Collection Company of America,
Outsource Receivables,Resolution
Management,Amegy
Bank,Wachovia Bank,Aarons
Rental,Sprint PCS,ComCast
Houston,Nationwide Recovery
System,Washington Mutual Bank,
Greenridge Place,Southwest
Recovery,National Credit System
Meadowchase/Alliance,Advantage
Rent A Car, Camden Creek,Credit
Management LP,Conserve,Gables
Augusta,Allstate Business
Services,Advantage Credit
Inc,Associated Credit &
Collection,Sky Recovery Services,
Ashley Parks Apartment

      Defendant.

**COMPLAINT**
**WITH JURY TRIAL DEMAND**

## PRELIMINARY STATEMENT

1.    The Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. (hereinafter "FCRA"), grew out of justified concerns in Congress over abuses in the credit reporting industry.

2.    The Defendant consumer credit reporting agencies are major players in the consumer reporting industry.

3.    In theory, the faster accurate, sensitive personal information about a person's credit worthiness flows into credit furnishes' computers, the faster credit flows to the consumer, and the faster the economy grows.

4.    To her end "an elaborate mechanism has been developed for investigating and evaluating the credit worthiness, credit standing, credit capacity, character, and general reputation of consumers." 15 D.S.C. § 1681(a)(2).

5.    The preamble to the FCRA finds that "consumer reporting agencies have assumed a vital role in assembling and evaluating consumer credit and other information on consumers," and emphasizes the "need to insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy." 15 D.S.C. § 1681(a)(3).

6.    Each bit of information can come from any of these sources: public records, creditors, landlords, lenders, credit sellers, insurance companies, employers and debt collectors, and even the consumer her/herself.

7.    Errors and misinformation in credit reports lead to mistakes in credit scores, and mistakes in credit scores mean consumers either pay too much for credit or are denied credit or are otherwise harmed.

8.    Aware that, "a poor credit history is the 'Scarlet Letter' of 20[th] Century America" [136 CONG REC. HS325-02 daily ed. July 23, 1990)(statement of Rep. Annunizo), 1990 WL 103877)]. Congress placed upon the credit reporting agencies the burden of following reasonable procedures to assure the maximum possible accuracy of information concerning the individual about whom the report relates. Congress passed the FCRA with the specific intent to give the consumer power over the "impersonal and

unconcerned attitude displayed by business machines as to the impact of their actions upon an individual consumer. .. " Vinson v Ford Motor Credit Co., 259 So.2d 768, 771 (Fla. App. 1972).

9. Plaintiff brings there action for damages against Defendants for violations of the Fair Credit Reporting Act, 15 U.S.c. § 1681 *et seq.* Plaintiff seeks injunctive relief, actual damages, punitive damages, costs, and attorney fees.

10. Plaintiff has spent time, effort and money over the years building her credit reputation as a credit worthy individual. Her credit reputation is an invaluable personal asset The Defendant credit reporting agencies collectively (hereinafter "CRAs") know there to be true.

## JURISDICTION

11. Jurisdiction of their Court arises under 15 D.S.C. § 1681 *et seq.*

## PARTIES

12. Plaintiff Dorniecesher Johnson is a natural person whose resides in Houston, Texas. Plaintiff is a"consumer" as defined by 15 *V.S.C.* § 1681a(c).

13. Defendant Experian Information Solutions, Inc. (hereinafter "Experian") is a foreign corporation incorporated under the laws of Ohio and is authorized to do business in the State of Texas. It has its principal place of business at 701 Experian Parkway, Allen, TX 75013. Defendant Experian is a consumer reporting agency as defined by 15 *V.S.C.* § 1681a(f) of the Act regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in § 1681a(d) of the Act, to third parties.

14. Defendant Equifax is a foreign corporation, which was incorporated under the laws of Georgia and authorized to do business in the State of Texas. It has its principal place of business at 1550 Peachtree Street NW, Atlanta, GA 30309. It is a consumer credit reporting agency as defined by 15 *V.S.C.* §1681a(f) of the Act, regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in § 1681a( d) of the Act, to third parties.

15. Defendant Trans Union, LLC is a foreign corporation incorporated under the laws of Delaware and authorized to do business in the State of Texas. It principal place of business is 555 W. Adams Street, Chicago, Illinois 60661. It is a consumer credit reporting agency as

defined by 15 U.S.C. §1681a(f) of the Act, regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in § 1681 a( d) of the Act, to third parties.

16.    Defendant Citibank (South Dakota), N.A. (hereinafter "Citibank") is a foreign corporation incorporated under the laws of the State of Delaware. It is headquartered at 701 E. 60th Street North, Sioux Falls, South Dakota 57104. It is a credit grantor and furnisher within the meaning of 15 U.S.C. §1681 *et seq.*

17.    Defendant GE Consumer Finance d/b/a GEMB/Mervyns (hereinafter "GEMB") is a foreign corporation incorporated under the laws of the State of Delaware. It is headquartered at 1600 Summer Street, Stamford, CT 06927. It is the card services division of GE Capital Corporation, with Mastercard and Visa Credit Cards. GE Consumer Finance is a leading provider of financial services to consumers and retailers in 38 countries around the world. As a unit of the General Electric Company, with more than $106 billion in assets, it offers a full range of innovative financial products to suit our partners' needs. Those products include private label credit cards, such as MasterCard and Visa Credit Cards: personal loans, bank cards, auto loans and leases, mortgages, corporate travel and purchasing cards, debt consolidation, home equity loans and credit insurance. It is a credit grantor and furnisher within the meaning of 15 U.S.C. §1681 *et seq.*

## FACTUAL ALLEGATIONS

18.    In May of 2009 Plaintiff made an application to refinance her car and reviewed a merged credit report of her credit history.

19.    Therein she saw that Reliance Recovery, a debt collector, reported Certified Recovery # 4146 collection tradeline on her credit report.

20.    It was then on or about May 13, 2009 that Plaintiff went to the Houston, TX police department and filed a police report (# 02-15942) on her stolen wallet and informed the police that her birth certificate and social security card were also stolen.

21.    Plaintiff on or about May 13, 2009 disputed the alleged debt with Certified Recovery Systems in a letter.

22.    On or about July 2009 Certified Recovery Systems informed Plaintiff it had closed her account.

23.   Subsequent to these events, Plaintiff, on or about September 25, 2009, registered a theft of

identity complaint (# 402581) with the FTC, and she obtained and completed a FTC

identity theft affidavit.

24.   Plaintiff listed the following accounts as not belonging to her on the FTC complaint:

- Hunter Warfield- # 14777**,14822**,14324**
- Membersource Credit union-#69064
- Allstate Business Services #13508101,13850
- Portfolio Recovery Associates- #
- Trumble AU # SB-CM300000000000
- RJM Acquisitions LLC-#51R01019790,18R00000250****
- No Wait Cash # 317
- Texas Guaranteed Student Loan # 5381
- Midland Credit Management # 851789
- Cort Furniture Rental # 5506
- 1st National Bank Texas-#92276
- Uncle Budd Inc-#82
- Sallie Mae # 97510147861
- Collection Company of America #80676,14952,
- Outsource Receivables# 1008096000141****
- Resolution Management# C01081
- Associated Credit & Collection-#Accil of 1914822393,
- Comcast Houston# 3510
- Sprint PCS # 4574
- Nationwide Recovery System #52953
- Yum Pizza Hut # 79485
- Greenridge Place #12652****
- National Credit System #11737, 9466**
- Cavalry Portfolio Services# 74365****
- Southwest Recovery #624****
- Credit Management LP # 3059****
- Conserve #10668
- Sky Recovery Services# 000000000014****
- Certified Recovery System #4146**,4124
- Ashley Park Apartments # V71C0041106

25.   Plaintiff then sent the affidavit(s) with a copy of the police report to each credit Bureau listed
in her FTC Complaint.

26.   Plaintiff believed at that time that ther action on her part would cure her credit history of

these errors and fraudulent accounts.

27.   Plaintiff closed their dispute letter by stating "Please reinvestigate
these disputed items

and send me a corrected credit report."

28.   None of the Defendant credit reporting agencies complied with her request to investigate,

a violation of 15 U.S.C 1681i.

29.     Instead, Experian and Equifax mailed her letters in March 2006 granting Plaintiff a 7-year security fraud alert on her credit hertory stored on their respective databases.

30.     Equifax referred Plaintiff to a website, a toll-free telephone number so that she might obtain her free credit reports and if she chose to write for the credit report, it referred her to CSC Credit Services Inc.

31.     Experian, likewise, referred Plaintiff to a website, a toll-free telephone number and a mailing address so that she might obtain her free credit reports.

32.     The Defendant CRAs again by their actions and inactions violated § 1681j(d) and § 1681c-l(a)(2)(B) and (b)(2)(B) when each failed to provide Plaintiff with a free credit report in connection with her fraud alert and § 1681 **i** when it failed to investigate her disputes.

33.     Experian then listed on page 25 on their April 3, 2009 Experian credit report two erroneous social security numbers that <u>are not</u> and <u>never were</u> Plaintiff's.

34.     Plaintiff clearly understood, if the Defendants did not, that the errors on her credit history meant she was very much still a vulnerable victim of identity theft.

35.     Even more so, Plaintiff worried she might be in jeopardy with the Department of Homeland Security, if the person or persons fraudulently using her identity were illegal immigrants.

36.     Trans Union by late-April 2009 had failed to respond to Plaintiff's February 28, 2009 dispute.

37.     Plaintiff then filed her lawsuit, her fourth dispute.

38.     As a result of Defendants' conduct, actions, and inaction, Plaintiff has suffered out-of-pocket expenses, loss of time at her work and others pursuits, and detriment to her credit rating, resulting in a frustrating inability to obtain credit easily, emotional distress, embarrassment, mental anguish, anxiety, and humiliation in an amount to be determined at trial.

## TRIAL BY JURY

39.     Plaintiff is entitled to and hereby requests a trial by jury. US Const. Amend. 7. Fed. R. Civ. P. 38.

## CAUSES OF ACTION

### COUNT I

## VIOLATION OF THE FAIR CREDIT REPORTING ACT § 1681, *ET SEQ.*

## EXPERIAN, TRANS UNION, EQUIFAX

40.    Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

41.    Defendants prepared, compiled, issued, assembled, and communicated inaccurate, erroneous, blatantly false information regarding Plaintiff, as defined in the Fair Credit Reporting Act.

42.    Defendants willfully and/or negligently violated 15 U.S.C. § 1681e(b) by failing to employ reasonable procedures to assure maximum possible accuracy in the preparation of the consumer credit report concerning Plaintiff, which it disseminated to third persons.

43.    Defendants willfully and or negligently violated 15 U.S.C. § 1681i (a) by failing to conduct a reasonable and independent investigation and to remove inaccurate information from Plaintiff's credit files after receiving actual notice of such inaccurate information in January 2008  and October 2009.

44.    Defendants violated § 1681j(d) and § 1681c-l(a)(2) (B) and (b)(2)(B) when they failed to provide Plaintiff with a free credit report in connection with her fraud alert.

45.    As a result of Defendant's conduct, action and inaction, Plaintiff's creditworthiness was damaged.

46.    As a result of Defendants' conduct, action and inaction, Plaintiff has suffered physical upset, emotional distress, humiliation, mental anguish and damages to her credit worthiness, which is defamation per se.

47.    Defendant's conduct, actions and inaction were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 D.S.C. § 1681n of the Act.

48.    Plaintiff is entitled to recover costs and attorney fees from Defendant in an amount to be allowed by the Court pursuant to 15 D.S.C. § 1681n and 15 U.S.C. § 16810 of the Act.

## COUNT II

## VIOLATION OF THE FAIR CREDIT REPORTING ACT-IS U.S.C. § I681s-2(b)

49.     Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

50.     Defendants willfully and or negligently violated 15 D.S.C. § 1681s-2(b) by failing to conduct a reasonable investigation with respect to the disputed information in January 2008, October 2008 and February 2009,

51.     As a result of Defendants' violations of § 1681s-2(b), Plaintiff has suffered out-of-pocket expenses, loss of time at her work, and detriment to her credit rating resulting in a frustrating inability to obtain credit easily if at all, emotional distress, embarrassment, mental anguish, anxiety and humiliation in an amount to be determined at trial.

52.     Defendants' conduct, actions and inactions were willful, rendering them liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

53.      Plaintiff is entitled to recover costs and attorneys' fees from Defendants in an amount to be allowed by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

## COUNT III
## CREDIT DEFAMATION
## EXPERIAN, TRANS UNION, EQUIFAX,

54. Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

55. Defendants' foregoing intentional actions including, but not limited to reporting errors on Plaintiff's credit reports, constitutes credit defamation.

56. Defendants' foregoing actions including, but not limited to, falsely reporting that accounts belonged to Plaintiff, when in fact they knew or should have known that Plaintiff did not open and did not authorize anyone to open such accounts, was intentional and malicious.

57. As a result of Defendants' intentional and malicious credit defamation, Plaintiff has suffered out-of-pocket expenses, loss of time at her work, and detriment to her credit rating, resulting in a frustrating inability to obtain credit easily, emotional distress, embarrassment, anxiety, and humiliation in an amount to be determined at trial.

**WHEREFORE**, Plaintiff prays that judgment be entered against each Defendant for:

   a.) Actual damages in an amount to be determined at trial against each Defendant;
   b.) Statutory and punitive damages in an amount to be determined at trial against each Defendant.
   c.) Costs and reasonable attorney fees pursuant 15 U.S.C. § 1681 et seq.; and
   d.) Other and further relief as may be just and proper.

Dorniecesher Johnson

Pro Se